DSS:SDD
F.# 2013R00677

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

LISONG MA,
  also known as "Ma Li,"

            Defendant.

- - - - - - - - - - - - - - - - -X

I N F O R M A T I O N

Cr. No. 13-304(SLT)
(T. 18, U.S.C., §§ 2,
981(a)(1)(C) and 3551 et
seq.; T. 50, U.S.C., §§
1702, 1705(a) and
1705(c); T. 28, U.S.C.,
§ 2461(c); T. 21,
U.S.C., § 853(p); T. 15,
C.F.R., § 764.2)

THE UNITED STATES ATTORNEY CHARGES:

## INTRODUCTION

     At all times relevant to this Information:

     1.   The export of so-called "commerce controlled"
items was regulated by the United States Department of Commerce
("DOC"). Under the International Emergency Economic Powers Act
("IEEPA"), 50 U.S.C. §§ 1701 et seq., the President of the United
States was granted the authority to deal with unusual and
extraordinary threats to the national security, foreign policy,
and economy of the United States. Under IEEPA, the President
could declare a national emergency through Executive Orders that
had the full force and effect of law.

     2.   On August 17, 2001, under the authority of IEEPA,
the President issued Executive Order 13222, which declared a
national emergency with respect to the unrestricted access of

foreign parties to United States goods and technologies and extended the Export Administration Regulations (the "EAR"), 15 C.F.R. §§ 730-774. Through the EAR, the DOC imposed license or other requirements before an item subject to the EAR could be lawfully exported from the United States or lawfully re-exported from another country. These items were listed on the commerce control list, or "CCL," published at 15 C.F.R. § 774, Supp. 1. The President issued annual Executive Notices extending the national emergency declared in Executive Order 13222 from the time period covered by that Executive Order through the time of this Information. See 77 Fed. Reg. 49,699 (Aug. 15, 2012).

3. Pursuant to its authority derived from IEEPA, the DOC reviewed and controlled the export of certain goods and technology from the United States to foreign countries. In particular, the DOC placed restrictions on the export of goods and technology that it determined could make a significant contribution to the military potential or nuclear proliferation of other nations or that could be detrimental to the foreign policy or national security of the United States. Under IEEPA and the EAR, it was a crime to willfully export, attempt to export, conspire to export or aid and abet the export, from the United States any item listed on the CCL, and therefore subject to the EAR, without first obtaining the license from the DOC. See 50 U.S.C. § 1705(c); 15 C.F.R. § 764.2.

4.    Certain types of carbon fiber were listed on the CCL, and therefore subject to the EAR's licensing requirements. See 15 C.F.R. § 774, Supp. 1.  Carbon fiber is a commodity, subject to U.S. government license regulations, which has both military and non-military uses.  Carbon fiber composites are ideally suited to applications where strength, stiffness, lower weight and outstanding fatigue characteristics are critical requirements.  These composites also can be used in applications where high temperature, chemical inertness and high damping are important.

5.    The two main applications of carbon fiber are in specialized technology, which includes aerospace and nuclear engineering, and in general engineering and transportation, which includes engineering components such as bearings, gears, cams, fan blades and automobile bodies.  In addition, certain carbon fiber based composites are used in military aircraft.  Toray type T-800-HB12000-50B carbon fiber was an extremely high-grade product, used primarily in aircraft, aerospace and military applications.

6.    Toray type T-800-HB12000-50B carbon fiber was under the licensing jurisdiction of the DOC, and a license was required to export that commodity to China.  Toray type T-800-HB12000-50B carbon fiber was also controlled under Export Control

Classification Number 1C010.b for national security, nuclear non-proliferation and anti-terrorism reasons.

ATTEMPT TO VIOLATE THE IEEPA

7.    The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

8.    On or about March 27, 2013, within the Eastern District of New York and elsewhere, the defendant LISONG MA, also known as "Ma Li," together with others, did knowingly, intentionally and willfully attempt to export from the United States to China items under the jurisdiction of the DOC, to wit: one or more spools of Toray type T-800-HB12000-50B carbon fiber, without first having obtained the required license from the DOC.

(Title 50, United States Code, Sections 1702, 1705(a) and 1705(c); Title 15, Code of Federal Regulations, Section 764.2; Title 18, United States Code, Sections 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

9.    The United States hereby gives notice to the defendant that, upon his conviction of the charged offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of any such offense to forfeit any and all property, real or personal, which constitutes or is derived from proceeds traceable

5

to a violation of such offense, including but not limited to approximately $400 in United States currency seized from the defendant on or about March 27, 2013.

10.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

6

other property of the defendant up to the value of the

forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title

18, United States Code, Section 981(a)(1)(C); Title 21, United

States Code, Section 853(p))


LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK