1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF NEW YORK
2

3    ------------------------------X
                                   :
4    UNITED STATES OF AMERICA,     :
                                   :   13-CR-00304 (SLT)
5              v.                  :
                                   :   May 30, 2013
6    LISONG MA,                    :   Brooklyn, New York
                                   :
7                   Defendant.     :
                                   :
8    ------------------------------X

9
             TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
10           BEFORE THE HONORABLE VERA M. SCANLON
                  UNITED STATES MAGISTRATE JUDGE
11

12   APPEARANCES:

13

     For the Government:        UNITED STATES ATTORNEY
14                              BY:  SETH DAVID DUCHARME, ESQ.
                                ASSISTANT U.S. ATTORNEY
15

16   For the Defendant:        MING HAI, ESQ.
                               Law Offices of Ming Hai PC
17                             36-09 Main Street, Suite 7B
                               Flushing, NY 11354
18

19   Mandarin Interpreter:     JOHN LAU

20

21

     Court Transcriber:        MARY GRECO
22                             TypeWrite Word Processing Service
                               211 N. Milton Road
23                             Saratoga Springs, NY 12866

24

25


     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service

2

I N D E X

Defendant Sworn at Page 10

| EXHIBITS | Marked | Received |
|---|---|---|
| 1    Plea Agreement | -- | 17 |

3

1   [Proceedings began at 11:20 a.m. in progress.]

2          MR. HAI:  ...09 Main Street, Flushing, New York

3   11354.  Good morning, Your Honor.

4          THE COURT:  Good morning.  Okay.  And does your

5   client speak English?

6          MR. HAI:  No.

7          THE COURT:  Okay.  So we're going to use an

8   interpreter?

9          MR. HAI:  Yes, Your Honor.

10          THE COURT:  All right.  And the interpreter, can you

11   give us your name for the record?

12          THE INTERPRETER:  John Lau, L-A-U.

13          THE COURT:  All right.  And are you previously sworn

14   or you need --

15          THE INTERPRETER:  I've been sworn for 30 years.

16          THE COURT:  All right.  Let's just for the record so

17   it's clear, I'm going to ask my deputy to administer the oath.

18          THE INTERPRETER:  He can swear.  It's fine.  There's

19   no problem.

20   (AT THIS TIME THE INTERPRETER, JOHN LAU, WAS SWORN.)

21          THE COURT:  All right.  Thank you.  All right.  So I

22   think we need the arraignment on that, yes?  Has there been an

23   arraignment on the information?

24          MR. DuCHARME:  No, Your Honor.  He's not yet waived

25   his right to be indicted and so he's not yet been presented on

4

1   the information.

2           THE COURT:  Okay.  Mr. Ma, what I have here is a

3   document that says that you waive your right to be indicted and

4   you are willing to proceed on an information rather than by an

5   indictment.

6           Without this waiver, what would happen would be in

7   order to proceed with the prosecution the Government would have

8   to present evidence before a grand jury and the grand jury

9   would have to assess that information and decide that there was

10  probable cause for the Government to proceed against you, and

11  by a majority vote of the members of the grand jury.  If there

12  were enough evidence to proceed, then they would issue an

13  indictment and the Government would proceed on that indictment.

14          What's been proposed today is that you are willing to

15  waive your right to an indictment.  Sir, is that what you want

16  to do?

17          THE DEFENDANT:  I waive.

18          THE COURT:  Okay.  Have you had an adequate -- I'm

19  going to ask you some questions to make sure that you

20  understand.  Have you had an opportunity to speak with your

21  counsel about your right to be indicted and proceed on an

22  indictment rather than on an information?

23          THE DEFENDANT:  Correct.

24          THE COURT:  Okay.  And have you had an opportunity to

25  ask your counsel any questions that you may have about the

5

1  distinction between the grand jury indictment and proceeding on

2  an information?

3           THE DEFENDANT:  Correct.

4           THE COURT:  Has anyone pressured you to make the

5  decision to waive the indictment and proceed on an information?

6           THE DEFENDANT:  No.

7           THE COURT:  Are you agreeing to this waiver

8  voluntarily?

9           THE DEFENDANT:  Yes.

10          THE COURT:  All right.  And counsel, have you had an

11  adequate opportunity to discuss the waiver of indictment with

12  your client?

13          MR. HAI:  Yes, Your Honor.

14          THE COURT:  Do you believe he understands the rights

15  he's waiving --

16          MR. HAI:  Understands, yes.

17          THE COURT:  -- by proceeding?  All right, let me just

18  finish.  Sorry.  Do you believe he understands the rights that

19  he's waiving by signing this waiver of indictment and

20  proceeding on an information?

21          MR. HAI:  Yes, Your Honor.

22          THE COURT:  All right.  So Mr. Ma, I have this

23  document here, it says waiver of indictment.  Is that your

24  signature at the bottom?

25          THE DEFENDANT:  Yes.

6

1          THE COURT:  All right.  So I find that the defendant

2   understands his rights and is voluntarily waiving them, and so

3   we're going to proceed with the information instead of by an

4   indictment.

5          So Mr. Ma, I have a document that says information at

6   the top, and it says United States of America v. Lisong Ma.

7   Have you seen this document?

8          THE DEFENDANT:  I did.

9          THE COURT:  It's a six-page document.

10          THE DEFENDANT:  Yes.

11          THE COURT:  And the last page is signed by the US

12   Attorney for the Eastern District.

13          THE DEFENDANT:  I did.

14          THE COURT:  All right.  Have you had an opportunity

15   to review this document?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Has it been translated for you?

18          THE DEFENDANT:  It was.

19          THE COURT:  All right.  Do you understand the charges

20   against you?

21          THE DEFENDANT:  I know.

22          THE COURT:  All right.  Counsel, do you want me to

23   read the information?

24          MR. HAI:  No, Your Honor, we waive the reading.

25          THE COURT:  All right.  Mr. Ma, have you had an

1  adequate opportunity to review the information with your

2  attorney?

3           THE DEFENDANT:  Yes, correct.

4           THE COURT:  All right.  And counsel, have you had an

5  adequate opportunity to review the document with your client?

6           MR. HAI:  Yes, Your Honor.

7           THE COURT:  And do you believe he understands the

8  charges against him?

9           MR. HAI:  Yes.

10          THE COURT:  All right.  Does your client want to

11 enter a plea with regard to the information?

12          MR. HAI:  Yes.

13          THE COURT:  And what's that plea?

14          MR. HAI:  Guilty.

15          THE COURT:  All right.  I think we're not up to that.

16 Is his initial plea guilty or is his initial plea not -- we're

17 on the arraignment piece of this yet, so --

18          MR. HAI:  I see.  Initially, it was not guilty.

19          THE COURT:  Okay.  I mean he could say whatever he

20 wants but we -- I've rarely heard guilty at this stage.  All

21 right.  So is his plea to the information, and that's this

22 document that he said he's seen, is not guilty?

23          MR. HAI:  Yes, Your Honor.

24          THE COURT:  All right.  Just so, Mr. Ma, that you

25 understand in connection with this piece of the proceeding you

8

1   have two rights that are particularly important.  One is that

2   you have the right not to say anything.  Anything you say can

3   be used against you.  If you started to speak, you don't have

4   to continue speaking.  And the other is that you have the right

5   to be represented by counsel.  If you can't afford counsel,

6   counsel will be appointed for you.  Do you understand those

7   rights?

8           THE DEFENDANT:  Yes.

9           THE COURT:  All right.  And counsel, have you had an

10  opportunity to discuss those rights and any other rights that

11  your client may have in connection with this arraignment?

12          MR. HAI:  Yes.

13          THE COURT:  All right.  So now we're going to move to

14  the next stage which is the plea.  So Mr. Ma, you have the

15  right to have this plea allocution heard by the district judge

16  who's assigned to this case.  That's Judge Townes I believe.

17  Is that right?

18          MR. DuCHARME:  Yes, Your Honor.

19          THE COURT:  All right.  So Judge Townes is a district

20  judge in this court and I'm a magistrate judge.  Judge Townes

21  is the judge who will make the ultimate decision as to whether

22  to accept your guilty plea or to not accept it.  If she does

23  accept it, she's the person who will sentence you.  So you have

24  the right to have Judge Townes hear your plea without any

25  prejudice to you.  Do you understand that right?

9

1          THE DEFENDANT:  I understand.

2          THE COURT:  All right.  So I have some paperwork

3   here.  It's a form that says consent to proceed before a United

4   States Magistrate Judge.  And what this form says is that you

5   have consented to me, a magistrate judge, hearing your plea.

6   Have you had an opportunity to review this form?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Was it translated for you?

9          THE DEFENDANT:  Yes.

10         THE COURT:  And did you have an opportunity to ask

11  counsel any questions you had about this form and about what it

12  says on this form?

13         THE DEFENDANT:  Yes, I did.

14         THE COURT:  All right.  Are you giving your consent

15  to proceed before me as a magistrate judge to hear your plea

16  voluntarily?

17         THE DEFENDANT:  Yes.

18         THE COURT:  Has anybody pressured you to have me hear

19  the plea?

20         THE DEFENDANT:  No.

21         THE COURT:  Has anyone made any promises to you?

22         THE DEFENDANT:  No.

23         THE COURT:  All right.  And counsel, have you

24  reviewed this form and what it said on the form with regard to

25  proceeding before me in this plea hearing?

1          MR. HAI:  Yes.

2          THE COURT:  And did you review it with your client?

3          MR. HAI:  Yes.

4          THE COURT:  Do you believe he understands the rights

5    he has to have the district judge hear the plea?

6          MR. HAI:  Yes.

7          THE COURT:  And do you believe that he's voluntarily

8    waiving those rights?

9          MR. HAI:  Yes.

10         THE COURT:  All right.  So we're going to proceed

11   with the plea based on the fact that I believe that the

12   defendant voluntarily is waiving his right to have the district

13   judge hear the plea.

14         All right.  So Mr. Ma, as part of this proceeding I'm

15   going to be asking you some questions and you need to give

16   those questions under oath.   So I'm going to ask my deputy,

17   Ms. Prutakis [Ph.], to administer an oath to you, and if you're

18   in agreement with it for you to affirm under the oath.  All

19   right.  So you should stand up and put your right hand up.

20   (AT THIS TIME THE DEFENDANT, LISONG MA, WAS SWORN.)

21         THE COURT:  All right.  Thank you.  You can have a

22   seat.

23         So Mr. Ma, before I hear your plea I have to ask you

24   a number of questions to make sure that the plea is valid.  If

25   you don't understand the questions or any of the description of

11

1  your rights that I'm going to give you or descriptions of the

2  consequences of the plea that I provide for you, you should let

3  me or let your lawyer know and I will try to make what I'm

4  saying more clear.

5        So the first is do you understand that you have the

6  right to be represented by an attorney at trial and in every

7  other stage of the proceeding including this one?

8        THE DEFENDANT:  I understand.

9        THE COURT:  Do you understand that if you can't

10  afford an attorney, the Court will appoint one for you?

11        THE DEFENDANT:  I understand.

12        THE COURT:  Do you want Mr. Hai to be your attorney

13  for this proceeding?

14        THE DEFENDANT:  Correct.

15        THE COURT:  All right.  If at any time you want to

16  talk with him, you let me know and I'll let you do that.  Do

17  you understand?

18        THE DEFENDANT:  Fine.

19        THE COURT:  Do you understand that you have sworn to

20  tell the truth?

21        THE DEFENDANT:  I understand.

22        THE COURT:   So this means that if you answer any of

23  my questions falsely your answers later may be used against you

24  in a separate prosecution for the crimes of perjury or for

25  making a false statement.  Do you understand that?

12

1          THE DEFENDANT:  I understand.

2          THE COURT:  All right.  Mr. Ma, I'm going to ask you

3    some background questions first.  What's your full name?

4          THE DEFENDANT:  Lisong Ma.

5          THE COURT:  All right.  Can you spell that for the

6    record?

7          THE DEFENDANT:  L-I-S-O-N-G, MA.

8          THE COURT:  How old are you?

9          THE DEFENDANT:  36 according to Chinese calendar.  I

10   was born in '78.

11         THE COURT:  And do you know what month and day?

12         THE DEFENDANT:  September 4.

13         THE COURT:  All right.  What's the highest level of

14   schooling that you completed?

15         THE DEFENDANT:  Nine years.

16         THE COURT:  Does that include college?

17         THE DEFENDANT:  No.

18         THE COURT:  Now, was it the equivalent of an American

19   high school?

20         THE DEFENDANT:  Correct.

21         THE COURT:  Okay.  Have you had any professional

22   training?

23         THE DEFENDANT:  Middle school.

24         THE COURT:  I'm sorry?

25         THE DEFENDANT:  Middle school.

13

1           THE COURT:  All right.  So you completed middle

2    school.

3           THE DEFENDANT:  Correct.

4           THE COURT:  All right.  Have you had any professional

5    training?

6           THE DEFENDANT:  No.

7           THE COURT:  All right.  What's your profession?  What

8    kind of work have you done?

9           THE DEFENDANT:  In Chinese we do business.

10          THE COURT:  So you've been a businessman since middle

11   school?

12          THE DEFENDANT:  First I was a worker, a pie worker.

13   Later on I did business.

14          THE COURT:  All right.  Are you presently or have you

15   recently been under the care of a doctor?

16          THE DEFENDANT:  No.

17          THE COURT:  Are you presently or have you recently

18   been under the care of a mental health professional such as a

19   psychiatrist, a social worker, psychologist?

20          THE DEFENDANT:  No.

21          THE COURT:  Have you ever been hospitalized or

22   treated for any addiction to drugs or alcohol?

23          THE DEFENDANT:  No.

24          THE COURT:  In the past 24 hours have you consumed

25   any narcotic drugs?

14

1              THE DEFENDANT:  No.

2              THE COURT:  In the past 24 hours have you taken any

3  medications of any kind?

4              THE DEFENDANT:  No.

5              THE COURT:  In the past 24 hours have you consumed

6  any alcoholic beverages?

7              THE DEFENDANT:  No.

8              THE COURT:  Is your mind clear?

9              THE DEFENDANT:  I understand completely.

10             THE COURT:  Do you understand what's going on here

11 today?

12             THE DEFENDANT:  I understand.

13             THE COURT:  All right.  Counsel, have you discussed

14 this matter with your client?

15             MR. HAI:  Yes.

16             THE COURT:  Are you fluent in your client's native

17 tongue?

18             MR. HAI:  Yes.

19             THE COURT:  All right.  So have you used an

20 interpreter in any of your discussions?

21             MR. HAI:  I don't need an interpreter.

22             THE COURT:  You're fluent enough to have a

23 conversation?

24             MR. HAI:  Yeah, we had conversation in his native

25 language.

15

1          THE COURT:  Okay.  All right.  Let me just ask you

2     when you're speaking just to speak into the microphone because

3     we're using this recording and it's probably not going to be

4     able to pick it up.

5          MR. HAI:  Sorry.

6          THE COURT:  All right.  So I was asking you've had

7     conversations with your client without an interpreter because

8     you're fluent in his native language?

9          MR. HAI:  Yes, Your Honor, that's correct.

10          THE COURT:  And it's Mandarin is his native language?

11          MR. HAI:  Yeah, it's Mandarin, yeah.

12          THE COURT:  All right.  So in your opinion, is Mr. Ma

13     capable of understanding the proceedings today?

14          MR. HAI:  Yes, Your Honor.

15          THE COURT:  Is it your opinion that he understands

16     the rights that he'll be waiving by pleading guilty?

17          MR. HAI:  Yes, Your Honor.

18          THE COURT:  Do you have any doubts as to your

19     client's competence to plead guilty today?

20          MR. HAI:  No.

21          THE COURT:  All right.  Have you advised him of the

22     maximum sentence and other consequences that can be imposed?

23          MR. HAI:  Yes, Your Honor.

24          THE COURT:  Have you discussed with him the operation

25     of the sentencing guidelines?

16

1       MR. HAI:  Yes.

2       THE COURT:  Have you had a sufficient opportunity to
3  discuss the case with your client?

4       MR. HAI:  Yes.

5       THE COURT:  Mr. Ma, have you had a sufficient
6  opportunity to discuss your case with your attorney?

7       THE DEFENDANT:  Yes.

8       THE COURT:  Are you satisfied with the representation
9  and advice given to you in this case by your attorney?

10       THE DEFENDANT:  Yes, I am satisfied.

11       THE COURT:  So I'm going back to the document that we
12  talked about earlier, the information, just to confirm as part
13  of the plea process you have received a copy of this document
14  have you?

15       THE DEFENDANT:  Yes.

16       THE COURT:  All right.  And you've reviewed it with
17  your attorney, is that right?

18       THE DEFENDANT:  Yes.

19       THE COURT:  Have you specifically discussed with your
20  attorney the charge to which you'll be pleading guilty?

21       THE DEFENDANT:  Correct.

22       THE COURT:  And it's my understanding that you plan
23  to plead guilty to the charge of attempt to violate the IAEPA
24  which is a violation of federal law 58 USC Sections 1702,
25  1705A, and 1705C as well as Title 15 of the Code of Federal

17

1    Regulations Section 764.2, and Title 18 USC Section 2 and 3551

2    and the following sections after 3551, is that correct?

3            THE DEFENDANT:  Yes.

4            THE COURT:  And you understand that information also

5    includes allegations about criminal forfeiture?

6            THE DEFENDANT:  Yes.

7            THE COURT:  And are you pleading guilty pursuant to a

8    Plea Agreement that you've entered into with the Government?

9            THE DEFENDANT:  Yes.

10           THE COURT:  I have a copy of the Plea Agreement which

11   I'm going to mark as Court Exhibit 1.

12   (AT THIS TIME COURT EXHIBIT 1 MARKED)

13           THE COURT:  I'm going to ask you you've seen this

14   document?  I'm holding it up.

15           THE DEFENDANT:  Yes.

16           THE COURT:  It says Plea Agreement between the United

17   States and Lisong Ma, and on the last page there are some

18   signatures.  First I'm going to ask the Government, Mr.

19   DuCharme, is this your signature?

20           MR. DuCHARME:  It is my signature and below that,

21   Your Honor, is the signature of my section chief, Dan Silver.

22           THE COURT:  What's his last name?

23           MR. DuCHARME:  Silver.

24           THE COURT:  Silver.  Okay.  And then Mr. Ma, your

25   name is printed.  Is that your name?

1              THE DEFENDANT:  Yes.

2              THE COURT:  And then above that there are some

3    Chinese characters which I'm going to ask you to read for the

4    record and then -- so I'm going to hand this to you in a

5    minute.  And below that, Mr. Mei, is that your signature?

6              MR. HAI:  Yes, Your Honor.

7              THE COURT:  Okay.  Is it Mr. Hai or Mr. Ming?  Sorry.

8              MR. HAI:  Mr. Hai.

9              THE COURT:  Sorry.  I read that.  And then the

10   translator, is that your signature below that?

11             MR. HAI:  Yeah, the translator is me as well, yeah.

12             THE COURT:  All right.  So I need to ask him --

13             THE INTERPRETER:  I did not translate it.

14             THE COURT:  Okay.  So who's the translator?  Who's --

15             MR. HAI:  I am the translator.

16             THE COURT:  Oh, you were the translator.

17             MR. HAI:  Yeah, I translated.

18             THE COURT:  All right.  So that's your signature as

19   well.  Okay.  All right.  I'm just going to ask my deputy to

20   hand that to you.  And if you could look at that, Mr. Ma, and

21   just for the record read to us what's written in the Chinese

22   characters?

23             THE DEFENDANT:  This document has been translated

24   into Chinese.

25             THE COURT:  Okay.  All right.  Thank you.  All

1   right.  We're going to come back to the Plea Agreement in a

2   little bit.

3           So, Mr. Ma, I'm going to explain to you some of the

4   rights that you have in connection with this criminal

5   proceeding.

6            The first and most important right you need to

7   understand is that you do not have to plead guilty even if you

8   are guilty.  Under the American legal system the prosecutor has

9   the burden of proving your guilt beyond a reasonable doubt.  If

10  the prosecutor cannot or does not meet his or her burden of

11  proof, the jury has the duty to find the defendant not guilty

12  even if the defendant is guilty.  Do you understand?

13          THE DEFENDANT:  I understand.

14          THE COURT:  What that means is that even if you are

15  guilty, you have a choice.  It's up to you to decide what to

16  do, not your lawyer, not your family, not anyone else.  You

17  may withdraw your previously entered plea of not guilty and

18  plead guilty as I've been told you wish to do, or you may

19  choose to go to trial simply by persisting in your plea of not

20  guilty.  In doing so you would make the Government meet its

21  burden of proving your guilt beyond a reasonable doubt.  Do you

22  understand that right?

23          THE DEFENDANT:  I understand.

24          THE COURT:  If you plead not guilty, under the

25  constitution and the laws of the United States you're entitled

1  to a speedy and public trial by a jury with the assistance of

2  counsel on the charges contained in the information.  That's

3  the document that we talked about earlier.  That's the one that

4  sets forth the charges against you.  You know the document I'm

5  talking about?

6          THE DEFENDANT:  I understand.

7          THE COURT:  All right.  And do you understand the

8  rights that I just described?

9          THE DEFENDANT:  Yes.

10         THE COURT:  All right.  At a trial you would be

11 presumed innocent.  You would not have to prove that you're

12 innocent.  It would be the Government's burden to overcome the

13 presumption and prove you guilty by competent evidence and

14 beyond a reasonable doubt.  Do you understand that?

15         THE DEFENDANT:  I understand.

16         THE COURT:  As I said earlier, if the Government does

17 not meet its burden, the jury would have to find you not

18 guilty.  Do you understand that?

19         THE DEFENDANT:  I understand.

20         THE COURT:  By pleading guilty you're giving up your

21 right to have the Government satisfy its burden of proving you

22 guilty beyond a reasonable doubt.  Do you understand?

23         THE DEFENDANT:  I understand.

24         THE COURT:  In the course of any trial the witnesses

25 for the Government would have to come to court and testify in

1  your presence, and your attorney would have the right to cross

2  examine the witnesses for the Government.  Your attorney would

3  also have the right to object to evidence offered by the

4  Government, and you would also have the right to offer evidence

5  on your behalf.  Do you understand?

6          THE DEFENDANT:  I understand.

7          THE COURT:  Your attorney would also have the right

8  to subpoena witnesses to come to court and to testify.  Do you

9  understand that?

10         THE DEFENDANT:  I understand.

11         THE COURT:  By pleading guilty, and if I recommend

12  that the district judge accept your plea, and that is what she

13  does, you are giving up your right to confront the witnesses

14  who testify against you, you're giving up your right to offer

15  evidence on your own behalf, your right to compel witnesses to

16  come to court, and to raise any defenses you may have.  Do you

17  understand?

18         THE DEFENDANT:  I understand.

19         THE COURT:  At a trial, you have a right to testify

20  on your own behalf if you choose to do so.  However, you cannot

21  be required to testify against yourself at a trial.  Under the

22  constitution of the United States a defendant in a criminal

23  case cannot be forced to take the stand at his or her trial and

24  say anything that could be used against him or her to show that

25  he or she is guilty of the crime with which he or she is

22

1  charged.

2          If you decide not to testify at a trial, the Court

3  would instruct the jury that the jury could not hold that fact

4  against you.  This would be called exercising your right

5  against self-incrimination.  Do you understand that right?

6          THE DEFENDANT:  I understand.

7          THE COURT:  By pleading guilty you would be admitting

8  your guilt and thus giving up your right against self-

9  incrimination.  Do you understand?

10          THE DEFENDANT:  I understand.

11          THE COURT:  If you plead guilty, I'm going to have to

12  ask you questions about what you did in order to satisfy myself

13  and the district court that you are in fact guilty of the

14  charge to which you are pleading guilty.  You will have to

15  answer my questions truthfully and acknowledge your guilt.  And

16  I'm just going to remind you that you've taken an oath to

17  answer those questions truthfully.

18          THE DEFENDANT:  Fine.  I understand.

19          THE COURT:  Okay.  So it's not going to be enough for

20  you to say that you're guilty.  You're going to have to tell

21  me, and in turn, that information will go to the district

22  judge, what it is that you did that makes you guilty of a

23  particular charge to which you are pleading guilty.  Do you

24  understand?

25          THE DEFENDANT:  I understand.

23

1          THE COURT:  So in going through that process you

2  would be giving up your right not to incriminate yourself.  Do

3  you understand the right?

4          THE DEFENDANT:  I understand.

5          THE COURT:  And that you would be waiving it if you

6  decide to go ahead with the plea?

7          THE DEFENDANT:  I waive.

8          THE COURT:  All right.  So to sum it up, if you plead

9  guilty and I recommend that the district judge accept your

10  plea, and she does that, you'll be giving up your

11  constitutional rights to a trial and all of the other rights

12  that I've discussed.  There will be no further trial of any

13  kind.  A judgment of guilty will simply be entered on the basis

14  of your guilty plea if the district judge accepts your plea.

15  Do you understand that?

16          THE DEFENDANT:  I understand.

17          THE COURT:  All right.  If after you're sentenced you

18  or your attorney thinks that the Court does not properly follow

19  the law in sentencing, a defendant can usually appeal the

20  sentence to a higher court.  By pleading guilty, you will not,

21  except under limited circumstances, be able to challenge your

22  judgment of conviction by appeal or by collateral attacks.

23          In this case, because you have this Plea Agreement

24  with the Government, you're also agreeing to a limitation on

25  your right to appeal your sentence.  That specific limitation

24

1  is set forth in Paragraph 4 of your Plea Agreement.  And it

2  says, the defendant agrees not to file an appeal or otherwise

3  challenge by petition pursuant to 28 USC Section 2255 or any

4  other provision a conviction or sentence in the event that the

5  Court imposes a term of imprisonment of 64 months or below.  So

6  if you decide to go ahead with the Plea Agreement and plead

7  guilty today, you're waiving or giving up your right to appeal

8  or collaterally attack all or part of the sentence that will be

9  imposed on you as long as the sentence is less than the 63

10  months or less.  All right.  Do you understand that?

11          THE DEFENDANT:  I understand.

12          THE COURT:  All right.  So are you willing to give up

13  your right to a trial and all of the other rights that I've

14  discussed?

15          THE DEFENDANT:  Correct.

16          THE COURT:  All right.  So going back to the Plea

17  Agreement which has been marked as Court Exhibit 1, Mr. Ma, has

18  this document been translated for you?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Okay.  Do you know which document I'm

21  talking about?  The one that says Plea Agreement here.

22          THE DEFENDANT:  I understand.

23          THE COURT:  Have you reviewed the agreement with your

24  attorney?

25          THE DEFENDANT:  Yes, correct.

25

1          THE COURT:  Do you understand all of the terms of the

2    agreement?

3          THE DEFENDANT:  I understand.

4          THE COURT:  Does this document, the written Plea

5    Agreement, the one that's been marked as Court Exhibit 1,

6    represent the entire understanding or agreement that you have

7    with the Government?

8          THE DEFENDANT:  Correct.

9          THE COURT:  All right.  So just so we're clear, this

10   is the only agreement that you have with the Government?

11         THE DEFENDANT:  Correct.

12         THE COURT:  All right.  Mr. Hai, have you reviewed

13   this document, the Plea Agreement marked as Court Exhibit 1,

14   with your client?

15         MR. HAI:  Yes, Your Honor.

16         THE COURT:  To your understanding, does it represent

17   the entire agreement that he has with the Government?

18         MR. HAI:  Yes.

19         THE COURT:  Do you believe that your client

20   understands all of the provisions of the Plea Agreement?

21         MR. HAI:  Yes.

22         THE COURT:  All right.  Mr. Ma, if you fail to comply

23   with the provisions in this agreement that require you to do

24   something, the Government will be released from its obligations

25   under the agreement, but you will not be released from your

26

1    plea of guilty.  Do you understand that?

2              THE DEFENDANT:  I understand.

3              THE COURT:  All right.  So I've gone over the rights

4    that you have in connection with this plea.  Now I'm going to

5    talk about some of the provisions of the sentencing scheme that

6    will apply to you.

7              The statute under which you are planning to plead

8    guilty provides for a minimum term of imprisonment of no time

9    in prison, and a maximum term of imprisonment of 20 years.

10             It provides for a term of supervised release of up to

11   three years that would follow any term of imprisonment.  If you

12   violate a condition of release, you may be sentenced for up to

13   two years without credit for pre-release imprisonment or time

14   previously served on post release supervision.  If you were to

15   be released on supervised release, there may be many

16   restrictions placed on your liberty.  They may include travel

17   limitations, requirements that you report to a probation

18   officer.

19             The Court may also impose a fine of up to $1 million.

20   There will definitely be a $100.00 special assessment.  And

21   it's my understanding that you have come to an agreement

22   regarding criminal forfeiture which is set forth in Paragraph 6

23   through 10 of your Plea Agreement.  I believe it involves a

24   forfeiture of $400.00.

25             Additionally, as set forth in Paragraph 11 of the

1    agreement you may be removed from the United States.  So it's

2    my understanding that you're not a citizen, is that correct?

3                 THE DEFENDANT:  Correct.

4                 THE COURT:  All right.  So some of the provisions

5    that relate to your immigration status are described in

6    Paragraph 11 of the agreement.  I want to make sure you

7    understand that there may be significant Immigration

8    consequences to pleading guilty.

9                 You need to understand that this Court is not the

10   place where the decision about removal is finally made.  It

11   will be made by the Immigration authorities, and so that you

12   may be deported and your reentry to the United States may be

13   barred.  So do you understand that those are serious

14   Immigration consequences of your proposed plea?

15                THE DEFENDANT:  Correct.

16                THE COURT:  Do you still want to go ahead with the

17   plea of guilty --

18                THE DEFENDANT:  Yes.

19                THE COURT:  Let me just, sorry, just finish this so

20   it's entirely clear.  Despite the fact that there may be very

21   serious Immigration related consequences if you plead guilty?

22                THE DEFENDANT:  Correct.

23                THE COURT:  So you do want to go ahead?

24                THE DEFENDANT:  Yes.

25                THE COURT:  All right.  So I'm going to explain a

28

1   little bit more about how the sentencing scheme works.

2           The sentencing judge, which in this case will be

3   Judge Townes, does not have complete discretion to impose a

4   sentence outside of the minimum and maximum of sentence as set

5   forth in the statute, and I reviewed those, from zero to 20

6   years, plus the other terms that I covered, the supervised

7   release, the fine, the special assessment, the forfeiture, and

8   the potential removal from the United States.

9           As a first step, the district court, which will be

10  Judge Townes, must consider the advisory sentencing guidelines

11  issued by the United States Sentencing Commission in

12  determining what is a reasonable sentence in a criminal case.

13          As a second step, the Court must consider whether

14  there are any factors present that would allow the sentencing

15  judge to depart from the guidelines either upwardly or

16  downwardly.  In addition, the Court must consider factors set

17  forth in 18 USC Section 3553A in light of all the facts and

18  circumstances of the case.  She may decide to issue a non-

19  guideline sentence.

20          The bottom line of everything I'm saying is that

21  until the date of sentencing when the Court gets a pre-sentence

22  report about you and hears from you, from your attorney, and

23  from the Government's lawyers, you cannot know with certainty

24  what the guidelines will be and whether there will be grounds

25  to depart either up or down from the guidelines, and whether

29

1   the Court will impose a non-guideline sentence.  Do you

2   understand?

3           THE DEFENDANT:  I understand.

4           THE COURT:  So even though you're pleading guilty

5   today, you're not going to know what your sentence is going to

6   be today and no one here knows what it's going to be.  Do you

7   understand that?

8           THE DEFENDANT:  I understand.

9           THE COURT:  All right.  I'm going to ask the

10  attorneys to give a best estimate of what the guidelines are

11  based on the facts that are available to them, but this is just

12  an estimate.   For the Government?

13          MR. DuCHARME:  Your Honor, based on information

14  available to the Government at this time, the defendant's base

15  offense level is 26.  Assuming that the defendant gets credit

16  for a timely plea and acceptance of responsibility, his

17  adjusted offense level would be 23, and assuming that he's

18  sentenced within criminal history category one, which I believe

19  he is, his advisory guidelines range would be between 46 and 57

20  months.

21          THE COURT:  All right.  Mr. Hai?

22          MR. HAI:  Yes?

23          MR. HAI:  What's your estimate?

24          MR. HAI:  My estimate -- we're going to argue for a

25  downward adjustment from that.  I don't have a 100% certainty

30

1   as to that.  We're going to try our best to argue down.

2           THE COURT:  All right.  So Mr. Ma, it's the

3   Government's estimate based on the facts available to the

4   Government at this time that the sentencing guidelines would

5   provide that you be sentenced to a term of imprisonment of 46

6   to 57 months.  Your attorney has said that he's going to try to

7   persuade the district judge that the sentence should be lower.

8   But sitting here today, no one in this courtroom can tell you

9   whether it will be a sentence within the range of 46 to 57

10  months, whether it will be lower, or whether it will be higher.

11  Do you understand?

12          THE DEFENDANT:  I understand.

13          THE COURT:  Do you still want to go ahead with your

14  plea?

15          THE DEFENDANT:  Correct.

16          THE COURT:  And do you understand that if those

17  estimates are wrong or if the district judge goes with a higher

18  sentence, you will not be permitted to withdraw your plea of

19  guilty?

20          THE DEFENDANT:  I understand.

21          THE COURT:  All right.  So just to sum it up, you

22  will not be permitted to withdraw your guilty plea just because

23  no one can tell you in advance of your sentencing what your

24  sentence will be.  Do you understand that?

25          THE DEFENDANT:  I understand.

31

1          THE COURT:  All right.  Under some circumstances if

2    your plea is accepted and you're judged guilty of a felony,

3    you may lose some valuable civil rights.  Do you understand

4    that?

5          THE DEFENDANT:  I understand.

6          THE COURT:  All right.  So Mr. Ma, do you have any

7    questions that you need to ask me or your counsel?  We can take

8    a break if you need to ask him anything.

9          THE DEFENDANT:  No.

10         THE COURT:  No?  Okay.  All right.  So for the

11   Government, is the Government prepared to prove at trial all

12   the elements of the counts against the defendant?

13         MR. DuCHARME:  Yes, Your Honor.

14         THE COURT:  And are those the facts as set forth in

15   the information?

16         MR. DuCHARME:  They are, Your Honor.

17         THE COURT:  All right.  Do you want to briefly

18   summarize them for the record?

19         MR. DuCHARME:  Yes, Your Honor.  First of all, the

20   elements of a violation of the International Emergency

21   Economics Powers Act are essentially that a defendant willfully

22   exports a controlled commodity from the United States to

23   another country where that commodity is licensed by the

24   Department of Commerce.  The defendant knows that to export the

25   item without such a license is unlawful.  And in this case

32

1   where we've charged an attempt that the defendant would take

2   some substantial step towards doing that.

3           In this case, the Government can proffer that if

4   called to trial we would prove that on or about March 27, 2013

5   that this defendant attempted to export a type of carbon fiber

6   which is controlled by the Department of Commerce for national

7   security nuclear non-proliferation and anti-terrorism reasons.

8   The specific type is T, Toray type T800 HB 12,050 B carbon

9   fiber which is licensed required.  The defendant attempted to

10  export that product to China by traveling to the United States

11  to meet with undercover agents, by filling out paperwork and

12  assisting in placing a sample of that commodity into a box to

13  be shipped to China, and that the defendant did not possess a

14  license to export that commodity from the United States to

15  China, and that the conduct took place in Brooklyn.

16          THE COURT:  Mr. Hai, do you know of any reason why

17  Mr. Ma should not plead guilty today?

18          MR. HAI:  No, Your Honor.

19          THE COURT:  And are you aware of any viable legal

20  defense to that charge he's proposing to plead guilty to?

21          MR. HAI:  Yes.

22          THE COURT:  You are aware of viable legal defenses?

23          MR. HAI:  Oh --

24          THE COURT:  Maybe I asked the question in not such a

25  clear way.

1      MR. HAI:  Yeah, we waive that.  We abide by the -- in

2  terms of the Plea Agreement, we waive the defenses.

3      THE COURT:  All right.  Mr. Ma, although your

4  attorney believes there may be some viable legal defenses, are

5  you still willing to go ahead with the Plea Agreement?

6      THE DEFENDANT:  Yes.

7      THE COURT:  All right.  Are you ready to plead

8  guilty?  Or to plead I should ask you.

9      THE DEFENDANT:  Yes.

10     THE COURT:  All right.  Do you want to consult with

11  your attorney before you plead?

12     THE DEFENDANT:  No, no need.

13     THE COURT:  All right.  So what is your plea; guilty

14  or not guilty to the charge in the information?

15     THE DEFENDANT:  Guilty.

16     THE COURT:  All right.  So Mr. Ma, I need to ask you

17  to tell me what it is that you did that makes it such that

18  you're guilty of the charge in the information.

19     THE DEFENDANT:  I came to the US to --

20     THE COURT:  Hang on.  Mr. Ma, why don't you go a

21  little bit more slowly just so the translator gets it.

22     THE DEFENDANT:  I came to the US to purchase carbon

23  fiber to be exported to China.

24     THE COURT:  All right.  We need to know more

25  information about what it is that you did that makes you guilty

34

1   to the charge to which you're pleading.  I think you heard the

2   Government go through what it would proffer to meet the

3   elements of the charge against you.  I want you to --

4         THE DEFENDANT:  (In Mandarin) --

5         THE COURT:  Sorry, let me have the translator -- I

6   want you to translate --

7         THE DEFENDANT:  (In Mandarin) --

8         THE COURT:  Hold on, hold on.  I want the translator

9   to translate what I said which is that, Mr. Ma, you heard the

10  Government go through the elements and those are the elements

11  of the charge to which you're pleading guilty.  So in order for

12  me to determine that you have actually committed the crimes

13  which you're pleading guilty, I need to know that you've done

14  something that meets those elements, and then I can recommend

15  to the district judge that she accept your plea.  All right.

16  So we need more information than just that you came to the US

17  to purchase carbon fiber for export to China.  All right.  I'm

18  just going to give you a minute to talk.  I want your attorney

19  to explain to you --

20        MR. HAI:  Yeah.

21        THE COURT:  -- what happens in a plea.  To the extent

22  that your client's pleading guilty, he has to have done

23  something that meets the elements.  And you know, we heard the

24  Government go through the elements but what he said would not

25  be sufficient.  I'm going to just put on some white noise.

1   Hold on, I'll hear from the Government.

2           MR. DuCHARME:  Your Honor, I'd just ask may I confer

3   with defense counsel?

4           THE COURT:  Yes.  I'm going to put on the white noise

5   just so I don't hear.

6                   [Pause in proceedings.]

7           THE COURT:  All right.  So Mr. Ma, have you had

8   adequate opportunity to consult with your attorney about this

9   issue?  This issue being you telling me what it is that you did

10  such that it satisfies the elements of the charge to which you

11  pled guilty?

12          THE DEFENDANT:  On March 27, 2013, I attempted to

13  export carbon fiber from the United States to China.  I knew

14  that was against the law.  I traveled from China to the US as a

15  tourist on a tourist visa and I did things to attempt to export

16  carbon fiber from the US to China.  In Brooklyn, I filled out a

17  form, the form to ship the carbon fiber to China and I do not

18  have an export license to export the carbon fiber from the US

19  to China.

20          THE COURT:  All right.  What kind of carbon fiber was

21  it?

22          THE DEFENDANT:  T800.

23          THE COURT:  And did you know that you needed a

24  license to export that product from the United States to China?

25          THE DEFENDANT:  Correct.

36

1          THE COURT:  And you did not have that license?

2          THE DEFENDANT:  I did not.

3          THE COURT:  And did you do anything to try to

4   actually export the product from the United States to China?

5          THE DEFENDANT:  No.  Before, no.

6          MR. HAI:  I think the trans -- okay.  Your Honor,

7   will you please repeat the question?  He didn't understand the

8   question.

9          THE COURT:  Mr. Ma, did you do anything to try to

10  export the carbon fiber, the T800, from the United States to

11  China?

12         MR. HAI:  The Court asked you what did you do to try

13  to export carbon fiber to China?  What did you do?  What

14  actually you did.

15         THE DEFENDANT:  I met with the people here and filled

16  out a form to ship the carbon fiber from Brooklyn to China.  I

17  think it's a expedite mail service.

18         THE COURT:  So the form that you filled out was one

19  to ship the product from the United States to China?

20         THE DEFENDANT:  Correct.

21         THE COURT:  All right.  Government, you want to say

22  something?

23         MR. DuCHARME:  No, Your Honor.  The allocution is

24  satisfactory to the Government.

25         THE COURT:  All right.  Mr. Hai, is there anything

37

1   else that your client wants to add with regard to the plea?

2           MR. HAI:  No, Your Honor.  No.

3           THE COURT:  All right.  So Mr. Ma, you're pleading

4   guilty voluntarily?

5           THE DEFENDANT:  Yes.

6           THE COURT:  Are you pleading guilty of your own free

7   will?

8           THE DEFENDANT:  Yes.

9           THE COURT:  Has anyone threatened you to make you

10  plead guilty?

11          THE DEFENDANT:  No.

12          THE COURT:  Has anyone forced you to plead guilty?

13          THE DEFENDANT:  No.

14          THE COURT:  Other than the promises contained in the

15  written agreement that you entered into with the Government

16  which is the Plea Agreement that was marked as Exhibit 1, has

17  anyone made any promises to you to induce you to plead

18  guilty?

19          THE DEFENDANT:  No.

20          THE COURT:  Has anyone made any promise to you as to

21  what your final sentence will be?

22          THE DEFENDANT:  No.

23          THE COURT:  All right.  Is there anything else you'd

24  like to add?

25          THE DEFENDANT:  No.

38

1          THE COURT:  All right.  Based on the information

2     given to me, I find that the defendant, Mr. Ma, is acting

3     voluntarily and he understands his rights, he understands the

4     consequences of his plea, and that there's a factual basis for

5     the plea.  So I'll recommend to the district judge, Judge

6     Towns, that she accept the plea of guilty to the charge in the

7     information.

8          Let me just check one thing.  Okay.  All right.  So

9     as to the sentencing date, it'll be set by the district judge.

10    So Mr. Ma is in custody.  Is there any -- going to continue in

11    custody?  Is that the understanding here?

12          MR. HAI:  Yes.

13          THE COURT:  All right.  Is there any issue about

14    returning property?  I know there's the $400.00.  Is there

15    anything else?

16          MR. DuCHARME:  I don't believe so, Your Honor.

17          THE COURT:  No?  Okay.  All right.  Mr. Ma, as part

18    of the preparation for the sentence you're going to be

19    interviewed by some representatives of the Government who are

20    going to prepare a report in connection with your sentence.

21    And as I said during the explanation of the sentencing process,

22    you will see that report and your attorney and you will have an

23    opportunity to comment on it as well as the US Attorney's

24    Office.  And then the district judge will review the report in

25    connection with deciding what your sentence is.  So I urge you

39

1   to cooperate in that interview so that the judge has a full

2   understanding of the information that's relevant to your

3   sentence.  Anything else?

4          MR. DuCHARME:  Nothing from the Government.  Thank

5   you, Your Honor.

6          THE COURT:  Anything?

7          MR. HAI:  No, Your Honor.

8          THE COURT:  All right.  Thank you, everyone.

9   [Proceedings concluded at 12:10 p.m.]

10                      *  *  *  *  *  *

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

40

1    I certify that the foregoing is a court transcript from an

2  electronic sound recording of the proceedings in the above-

3  entitled matter.

4

5  _____

6                         Mary Greco

7  Dated:  February 26, 2014